UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ESNEL JEAN BAPTISTE,

Petitioner,

vs. Case No. 2:13-cv-156-FtM-29UAM

STUART K. WHIDDON, Sheriff, MARC J. MOORE, Director of the Southern District Field Office, ANTHONY AIELLO, Asst. Field Office Director, ERIC HOLDER, Attorney General, JANET NAPOLITANO, Secretary of the Department of Homeland Security and JOHN MORTON, Director of ICE,

Respondents.

___________________________________

**ORDER**

This matter comes before the Court upon review of the Respondents' Motion to Dismiss (Doc. #6, Motion) and attached exhibits (Doc. #6-1, Exhs.).

Petitioner Jean-Baptise Ensel initiated this action by filing a Petition for Writ of Habeas Corpus (Doc. #1, Petition) pursuant to 28 U.S.C. § 2241 on March 4, 2013. Petitioner challenges his mandatory detention pursuant to 8 U.S.C. § 1226(c), arguing that he is not subject to this provision, and that he is entitled to an individualized bond hearing. Petition at 2. The Petition generally challenges Petitioner's length of confinement without an individualized bond hearing, or without an order of removal being entered. See generally id. As relief, Petitioner seeks an individualized bond hearing, *inter alia*. Id. at 5.

In Response, Respondents filed a Motion to Dismiss asserting that the Petition is moot since Petitioner is now detained at the Hernando County Jail. Response at 1 (citing Hernandez v. Wainwright, 796 F.2d 389, 390 (11th Cir. 1986); Suarez-Tejeda v. United States, 85 F. App'x 711, 715 (10th Cir. 2004); Picrin-Peron v. Rison, 930 F.2d 773, 776 (9th Cir. 1991)). Respondents attach as an exhibit booking information from the Hernando County Jail and the docket sheet for case number 08-CF-2490, which is pending before the Hernando County Circuit Court. Exh. 6-1.

"Article III of the Constitution restricts the power of federal courts to 'Cases' and 'Controversies.'" Chafin v. Chafin, 133 S. Ct. 1017, 1023 (2013). This case or controversy requirement must be present through all stages of federal judicial proceedings. Id. A case "becomes moot only when it is impossible for a court to grant any effectual relief whatsoever to the prevailing party." Knox v. Serv. Emps., 567 U.S. ____, ____, 132 S. Ct. 2277, 2287 (2012)(internal quotation marks omitted). Cases can be rendered moot due to a change in circumstances or a change in law. Coral Springs St. Sys., Inc. v. City of Sunrise, 371 F.3d 1320, 1328 (11th Cir. 2004). When the issue presented is no longer live, the parties lack a legally cognizable interest in its outcome, or a decision could no longer provide meaningful relief to a party, the case is moot. Troiano v. Supervisor of Elections in Palm Beach County, Fla., 382 F.3d. 1276, 1282 (11th Cir. 2004)(citing Al

Najjar v. Ashcroft, 273 F.3d 1330, 1335-36 (11th Cir. 2001)). In such circumstances, dismissal is not discretionary but "is required because mootness is jurisdictional. Any decision on the merits of a moot case or issue would be an impermissible advisory opinion." Id.

A narrow exception to the mootness doctrine exists for those cases that are "capable of repetition yet evading review". See De La Teja v. United States, 321 F.3d 1357, 1363, n.3 (11th Cir. 2003). Two conditions must be met for the exception to apply: (1) the challenged action must be of a "duration too short to be fully litigated prior to its cessation or expiration"; and (2) there must be a "reasonable expectation that the **same complaining party would be subjected to the same action again.**" Christian Coalition of Ala. v. Cole, 355 F.3d 1288, 1293 (11th Cir. 2004) (emphasis added).

The Court finds Petitioner's temporary transfer to the Hernando County Jail does not render his Petition against immigration officials moot. Petitioner was convicted of aggravated assault with a deadly weapon in case number 08-CF-2490 in the Fifth Judicial Circuit Court in Hernando County (hereinafter "State criminal case"). See www2.myfloridacounty.com, search by case inquiry, Case No. 08-CF-2490. A review of the State docket reveals that Petitioner's criminal case was re-opened in May 2013 after he filed a motion for postconviction relief. Id. Apparently the

State court judge issued an order directing the transfer of Petitioner from the Glades County Detention Center to the Hernando County Jail for the pendency of his postconviction appeal. Id. An evidentiary hearing is scheduled for June. Id. Thus, it appears Petitioner has only temporarily left the custody of the Warden at the Glades County Detention Center. Nothing in the record suggests that Petitioner will not return to the Glades County Detention Center when the hearing on his postconviction appeal is completed and again be detained without an individualized bond hearing. Consequently, the Court denies Respondents' Motion.

ACCORDINGLY, it is hereby

**ORDERED:**

1. The Respondents' Motion to Dismiss (Doc. #6) is **denied.**

2. Respondents shall file a response to the Petition as directed in the Court's March 25, 2013 Order within **forty (40) days** from the date on this Order.

**DONE AND ORDERED** in Fort Myers, Florida, on this 19th day of June, 2013.

JOHN E. STEELE
United States District Judge

SA: alj
Copies: All Parties of Record