UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ESNEL JEAN BAPTISTE,

      Petitioner,

v.                                    Case No: 2:13-cv-156-FtM-29CM

STUART K. WHIDDON, Sheriff, MARC J. MOORE, Director of the Southern District Field Office, ANTHONY AIELLO, Asst. Field Office Director, ERIC HOLDER, Attorney General, JANET NAPOLITANO, Secretary of the Department of Homeland Security, and JOHN MORTON, Director of ICE,

      Respondents.[1]

---

**ORDER OF DISMISSAL**

This matter comes before the Court upon review of Respondent's motion to dismiss the § 2241 petition as moot (Doc. #12, Motion) and supporting exhibits consisting of the "executed warrant of

---

[1] Petitioner names several Respondents. See Petition at 1. Rule 2(a) of the Rules Governing Section 2254 Cases in United States District Courts, which also applies to cases filed under § 2241, provides that applicants in "present custody" seeking habeas relief should name "the state officer having custody of the applicant as respondent." The Supreme Court has made clear that there "is generally only one proper respondent to a given prisoner's habeas petition." Rumsfield v. Padilla, 542 U.S. 426, 435 (2004). This is "'the person with the ability to produce the prisoner's body before the habeas court.'" Id. at 435-436. In this case, the proper Respondent is Sheriff Whiddon because he is Petitioner's immediate custodian. All other named Respondents will be dismissed from this action.

removal" (Exh. 1).  Petitioner has not filed a reply, likely as a result of his deportation.  <u>See</u> docket.  This matter is ripe for review.

## I.

Petitioner Esnel Jean Baptiste, a citizen of Haiti, filed a *pro se* 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus (Doc. #1, Petition), while detained at the Glades County Jail, on March 4, 2013.  Petitioner challenges his mandatory detention pursuant to 8 U.S.C. § 1226(c).[2]  Petitioner, *inter alia*, submits that he was not immediately taken into ICE custody after completion of his criminal sentence; that he is not subject to § 1226(c); and, that he is entitled to an individualized bond hearing.  Petition at 2.  Petitioner also generally challenges the length of time he has been held in confinement pending deportation without an individualized bond hearing, or without an order of removal being entered.  <u>See</u> <u>generally</u> <u>id.</u>  As relief, Petitioner seeks an individualized bond hearing and release from detention.  <u>Id.</u> at 5.

---

[2]The Court recognizes that on January 28, 2015, Congress proposed amendments to 8 U.S.C. § 1226.  One of those amendments removes subsection (e) of § 1226, entitled "Judicial Review." This subsection tried to limit judicial review of the Attorney General's discretionary judgment regarding the application of this statute. Nevertheless, the United States Supreme Court recognized in <u>Demore v. United States</u>, that subsection (e) does not deprive the federal courts of jurisdiction when a petitioner challenges the constitutionality of his/her detention under § 1226(c).  <u>Demore</u>, 538 U.S. 510, 517 (2003).

Pursuant to the Court's order, Respondent filed a Response (Doc. #9, Response) to the Petition and attached supporting exhibits: "record of deportable/inadmissible alien" (Exh. A); copies of Petitioner's criminal records (Exh. B); the "notice to appear" issued on October 21, 2009 (Exh. C); the Declaration of Jorge Rodriquez, custodian of records for the Immigration Court (Exh. D); Petitioner's detention history report (Exh. E); order of removal from the Immigration Court dated March 25, 2013 (Exh. F); and a copy of Petitioner's filing receipt for the appeal of his removal order (Exh. G).

Respondent initially submits that Petitioner's contentions that he was not immediately taken into ICE's custody after completion of his criminal sentence are refuted by the record. Response at 2-3 (citing Exh. B). Respondent further submits that Petitioner is properly detained under § 1226(c) and is not eligible for a bond hearing, because he was convicted of a qualifying offense under § 1226(c) (i.e. aggravated assault with a firearm for which Petitioner served a three-year sentence).[3] Response at

---

[3]Title 8 U.S.C. § 1226(c) entitled "detention of criminal aliens" provides:

(1) Custody

The Attorney General shall take into custody any alien who—
(A) is inadmissible for reason of having committed any offense covered in section 1182(a)(2) of this title,

2-3; Petition at 3. Further, Respondent asserts that while aliens detained under § 1226(a) are permitted an individualized bond hearing, those detained under § 1226(c), like Petitioner, are not permitted an individualized bond hearing, absent an exception that allows the Secretary of the Department of Homeland Security to exercise discretion in releasing some aliens for witness protection program purposes. Response at 4.

After Respondent filed its Response, Petitioner was deported to his native country of Haiti; thus, prompting Respondent to file a motion to dismiss the petition as moot. See generally Motion at 2 (citing Hernandez v. Wainwright, 796 F.2d 389, 390 (11th Cir.

---

(B) is deportable by reason of having committed any offense covered in section 1227(a)(2)(a)(ii),(A), (ii), (B), (C), or (D) of this title

(C) is deportable under section 1227(a)(2)(A)(i) of this title on the basis of an offense for which the alien has been sentence[d] to a term of imprisonment of at least 1 year, or

(D) is inadmissible under section 1182(a)(3)(B) of this title or deportable under section 1227(a)(4)(B) of this title.

when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.

(2) Release

The Attorney General may release an alien described in paragraph (1) only if the Attorney General decides pursuant to section 3521 of Title 18 that release of the alien from custody is necessary to provide protection to a witness, potential witness . . . and the alien satisfies the Attorney General that the alien will not pose a danger to society . . . . .

1986); Suarez-Tejeda v. United States, 85 F. App'x 711, 715 (10th Cir. 2004)(inadmissible alien's appeal of the denial of his habeas petition was moot because the alien was released from detention); Picrin-Peron v. Rison, 930 F.2d 773, 776 (9th Cir. 1991)(habeas petition dismissed as moot when INS released alien on parole)); see also Exh. 1.  Respondent argues that this case is controlled by Hernandez, 796 F.2d 389; and therefore this Court should dismiss the petition as moot.  Motion at 2.

**II.**

The uncontested factual history set forth in Respondent's Response is as follows:  Petitioner was admitted into the United States as an asylee on January 22, 2001.  Response at 2.  On May 1, 2008, Petitioner's status was adjusted to "lawful permanent resident," effective from May 1, 2007.  Id. (citing Exh. A).

On September 17, 2009, Petitioner was convicted of aggravated assault with a firearm in Hernando County, Florida (case number 2008-CF-2490).  Response at 2 (citing Exh. B).  On October 21, 2009, ICE encountered Petitioner through the Criminal Alien Program and lodged a detainer with the State authorities for ICE to assume custody after Petitioner completed his criminal sentence.  Id.  Also that day, ICE issued a "notice to appear" charging Petitioner with removability pursuant to §§237(a)(2)(A)(iii), 237 (a)(2)(C), and 237(a)(2)(A)(i) of the Immigration and Nationality Act [8 U.S.C. § 1227(a)(2)(A)(iii),

1227(a)(2)(C), and 1227(a)(2)(A)(i)] for having been convicted of: (1) an aggravated felony related to a crime of violence; (2) a firearms offense; and (3) a crime involving mortal turpitude. Response at 2-3 (citing Exh. C). The notice to appear was filed in the Immigration Court on November 16, 2009.

On December 20, 2011, Petitioner's custody was transferred from the State of Florida to ICE. Response at 3 (citing Exh. E). Petitioner's removal proceedings were transferred from the Miami Immigration Court to the Immigration Court located at the Krome Service Processing Center.

On March 4, 2013, Petitioner filed the instant 2241 Petition. On March 28, 2013, Petitioner was ordered removed. Response at 3 (citing Exhs. D, F). Petitioner filed an appeal concerning the order of removal. Response at 3 (citing Exh. D). On October 15, 2013, Petitioner was returned to his native country of Haiti. Motion at 1 (citing Exh. 1).

**III.**

Petitioner does not contest that his criminal conviction for aggravated assault with a firearm arising in Hernando County, for which he served a three-year sentence, subjected him to deportation under the Immigration and Nationality Act ("INA"). See Petition. Thus, Moncrieffe v. Holder, ___ U.S. ___, 133 S. Ct. 1678 (2013) is not applicable here. Id. (holding that if a non-citizen's conviction for a marijuana offense fails to establish that the

offense involved either remuneration or more than a small amount of marijuana, it is not an aggravated felony under the INA). Nor, does the Petition challenge Petitioner's removal proceedings. See Lopez v. Gonzales, 549 U.S. 47 (2006)(finding that removal of an alien from the United States will not moot a challenge to the removal proceeding). As previously mentioned, Petitioner has already been removed to his native country of Haiti. Nor does the record support Petitioner's claim that he was not immediately brought into the custody of ICE after serving his criminal sentence. See supra at 6; Bracamontes v. Desanti, Case No. 2:09-cv-480, 2010 WL 2392760 *7 (E.D. Va. June 16, 2010)(granting a § 2241 petition and ordering the immigration court to hold an individualized bond hearing because the alien was not subject to mandatory detention under § 1226(c) when there was an eight-year delay between the time petitioner served his criminal sentence and ICE's detention).

Instead, the instant Petition challenges the narrow issue left open in Demore v. United States, 538 U.S. 510 (2003) as to what is a reasonable length of time for ICE to detain an alien without an individualized bond hearing prior to an order of removal being entered. In Demore, the United States Supreme Court found that § 1226(c) (the "no-bail provision" of the INA) did not violate an alien's Fifth Amendment due process rights under the United States Constitution, so long as the alien was detained for a brief

period of time necessary for the alien's removal proceedings.  Id. at 1722.  In arriving at this ruling, the Supreme Court referred to statistics from the Executive Office for Immigration Review concerning the time periods aliens were typically detained without bond under § 1226(c).  Id. at 529-531.  In *dicta*, the Supreme Court noted that aliens were detained "roughly a month and a half in the vast majority of the cases . . . and about five months in the minority of the cases in which the alien chooses to appeal." Id. at 530-31.

Because the instant Petition challenges the length of time Petitioner was detained, without an individualized bond hearing, awaiting an order of removal, Demore is the closest applicable precedent.[4]  Specifically, Petitioner argued that he was detained for slightly over one year by ICE without either a bond hearing, or an order of removal issued (since December 20, 2011, until the date he filed the Petition); and, this length of detention without a bond hearing violated his Fifth Amendment rights under the United States Constitution.  See Petition at 1.  The record here shows that Petitioner finished his criminal sentence and was in fact detained by ICE on December 20, 2011.  Petitioner's order of removal was not issued until March 28, 2013.  Supra at 6.  What

---

[4] If the Petition had challenged detention after an order of removal was issued, then Zadvydas v. Davis, 533 U.S. 678 (2001) would apply.  This is not the situation the Court is presented with, however.

the record does not show, however, is whether Petitioner's actions contributed to that approximate one-year, two month delay. Nevertheless, that matter is irrelevant for purposes of this opinion because the Court will not answer whether Petitioner's detention without a bond hearing constituted a violation of Petitioner's Fifth Amendment Due Process rights in light of Demore, because any opinion regarding such would merely constitute an advisory opinion in light of Petitioner's removal from the United States to his native country of Haiti.

"Article III of the Constitution restricts the power of federal courts to 'Cases' and 'Controversies.'" Chafin v. Chafin, 133 S. Ct. 1017, 1023 (2013). This case or controversy requirement must be present through all stages of federal judicial proceedings. Id. A case "becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." Knox v. Serv. Emps., ____ U.S. ____, 132 S. Ct. 2277, 2287 (2012)(internal quotation marks omitted). Where a habeas petitioner who was protesting his detention is no longer in custody, the dispute with regard to his detention is deemed moot. Spencer v. Kemna, 523 U.S. 1, 7-8 (1998) (discussing "in custody" requirement of 28 U.S.C. § 2254).

In this case, it is undisputed that Petitioner has been removed to his native country of Haiti. See Exh. 1. To the extent Petitioner sought an individualized bond hearing, and/or

release from his confinement pending deportation, the Court can no longer give Petitioner any meaningful relief. <u>Soliman v. United States</u>, 296 F.3d 1237, 124243 (11th Cir. 2002) (dismissing as moot an appeal of a § 2241 petition seeking release form a lengthy detention pending removal because the alien had been returned to his native country). Since Petitioner has now been removed to Haiti, and is not in the process of being removed, it is impossible for the court to grant any effective relief, and therefore the case is moot.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Respondents March Moore, Anthony Aiello, Eric Holder, Janet Napolitano, and John Morton are **DISMISSED**.

2. Respondent's motion to dismiss (Doc. #12) is **GRANTED**. The Petition is **dismissed without prejudice as moot**.

3. The Clerk of Court shall terminate any pending motions, enter judgment accordingly, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on this ___5th___ day of March, 2015.

JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

SA: alr
Copies: All Parties of Record